## Renovo Overseer *versus* Half-Moon Overseers.

1. An order of removal of a pauper unappealed from is conclusive; where under such order the pauper has been accepted, there can be no recovery against the accepting district for costs and charges.

2. The overseers of H. placed an insane pauper in the State Lunatic Asylum and served an order of removal on the overseer of R.; there was no appeal from the order: the pauper was not accepted. *Held*, under the 23d sect. of Act of June 13th 1836, the Court of Quarter Sessions had not jurisdiction, on application by H., to decree against R. payment of the charges, &c., for maintenance, &c., unless the petition set out that a demand had been made and there had been neglect to pay.

3. Schuylkill *v.* Montour, 8 Wright 484, followed. Sugarloaf *v.* Schuylkill, 8 Wright 481, referred to.

March 26th 1875. Before Agnew, C. J., Sharswood, Mercur, Gordon, Paxson and Woodward, JJ.

Certiorari to the Court of Quarter Sessions of *Clinton county*: No. 26, to January Term 1875.

On the 21st of May 1873, Ira Fisher and W. L. Wilson, overseers of the Poor District of Half-Moon township in the county of Centre, presented their petition to the Court of Quarter Sessions of Clinton county, setting out:—

" That on or about the 1st day of May A. D. 1872, one Michael McGuire came into the said township of Half-Moon, wildly deranged; that he was unsafe and dangerous to be at large; that he immediately became a charge upon said township, and was taken by your petitioners to the Insane Hospital at Harrisburg for safekeeping. * * * That upon inquiry, your petitioners ascertained that the last place of the said pauper's legal settlement was in the borough of Renovo, in the county of Clinton; that your petitioners applied to two justices of the peace, in and for the said county of Centre, * * * and upon presentment of their proofs the said justices granted an order for the removal of said Michael McGuire, pauper, as aforesaid, from the township of Half-Moon to the said borough of Renovo, in the county of Clinton, aforesaid, and adjudged the said borough of Renovo to be his last place of legal settlement, on or about the 10th day of December, A. D. 1872; that Ira Fisher, one of the overseers of Half-Moon and one of your petitioners, did, on the 11th day of December, A. D. 1872, serve the said order of removal personally, * * * upon Matthew Dean, the overseer of the poor for said borough of Renovo, and that said order of removal has not been appealed from by said overseer of the poor of Renovo. Your petitioners therefore pray the court to grant a rule upon the said overseer of Renovo to show cause why the said borough of Renovo should not pay the costs and expenses incurred by the said township of Half-Moon, in conveying said pauper to the hospital at Harrisburg and for his maintenance and support, &c., as set forth in an annexed statement.

[Renovo Overseer *v.* Half-Moon Overseers.]

The statement showed in detail the expenses incurred by Half-Moon township on account of the pauper; the total was $320.40.

The order of removal made part of the petition, set out the complaint of the overseers of Half-Moon township, that McGuire had lately come to inhabit Half-Moon township, but had not gained a legal settlement there, and being insane had become chargeable to the township of Half-Moon, and the justices, in consideration of the premises, adjudged the place of the last legal settlement of McGuire to be in the borough of Renovo, in Clinton county. The order then directed the overseers of Half-Moon, at the expense of that township, to remove the pauper to the borough of Renovo, and to the overseer of that borough to receive him.

The borough of Renovo answered the petition :—

1. Denying that Fisher and Wilson were, at the time of procuring the order of removal, overseers, &c., of Half-Moon township.

2. Denying that McGuire's last place of settlement was Renovo.

3. Averring that the charges in the statement were not accurate.

A large amount of testimony was taken.

The court (Gamble, P. J., of the Twenty-ninth district) decreed that the overseer of Renovo pay to the overseers of Half-Moon the sum of $320.40, with costs and $25 counsel fee.

The borough of Renovo took out a certiorari from the Supreme Court, and assigned four errors, two of which were :—

2. That the court erred in holding that they had jurisdiction.

3. In holding that the order of removal was conclusive of the settlement of the pauper in the borough of Renovo.

*G. S. McCormick,* for certiorari, referred to Act of April 14th 1845, Pamph. L. 441, 2 Br. Purd. 971, pl. 19, relating to the State Lunatic Asylum ; Danville, &c., Poor District *v.* Montour County, 25 P. F. Smith 35.

*J. G. Love* (with whom was *A. Hoy*), contrà, referred to Act of June 13th 1836, sect. 23, Pamph. L. 546, 2 Br. Purd. 1159, pl. 38 ; Sugarloaf *v.* Schuylkill County, 8 Wright 481 ; Wertz *v.* Blair County, 16 P. F. Smith 18. The order of removal being unappealed from is conclusive: Bradford Township *v.* Keating Township, 3 Casey 275 ; Westmoreland County *v.* Conemaugh Township, 10 Id. 231.

Mr. Justice GORDON delivered the opinion of the court, May 10th 1875.

This case comes before us on a certiorari, hence we can review that only which appears on the face of the record.

An order of removal, unappealed from, is conclusive upon all

parties, and where, under such order, the pauper has been accepted, there can be no recovery against the accepting district for costs and charges : Directors of Schuylkill *v.* Directors of Montour, 8 Wright 484.

In the case in hand the overseers of Half-Moon had placed the pauper, a raving maniac, in the Lunatic Hospital at Harrisburg, and served the order of removal on the authorities of Renovo. There was no appeal from this order, but the pauper was not accepted. Under these circumstances it is quite· possible the plaintiff's claim might have been sustained under the 22d sect. of the Act of June 13th 1836, *vide* Overseers of Sugarloaf *v.* Directors of Schuylkill, 8 Wright 481. But, in order to bring the matter within this section, the petition should have set forth that a demand had been made upon the appellants for the expenses incurred in the maintenance of the pauper, and that there had been a neglect or refusal to pay. The petition being defective in this, no default appeared on the part of the overseer of Renovo, hence the court had no jurisdiction of the case.

> The decree of the Court of Quarter Sessions ·is therefore reversed and set aside at the costs of the appellees.